UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

SHAVANGELA WILLIAMS,

                  Plaintiff,

                                   REPORT AND
                                   <u>RECOMMENDATION</u>

     - against -

                                   CV 2003-2132 (DGT)(MDG)

GOLDMAN & STEINBERG, INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

    Plaintiff Shavangela Williams ("Williams" or "plaintiff")
brings this action against defendant Goldman & Steinberg, Inc.
("defendant"), individually and on behalf of a putative class,
for violations of the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. § 1692e(5) and (10). After the defendant
failed to appear or otherwise defend in this action, the Clerk of
the Court noted entry of default against it on August 16, 2004.
<u>See</u> ct. doc. 5. The Honorable David G. Trager then referred
plaintiff's request for default judgment to me for a report and
recommendation. Ct. doc. 6.

    For the reasons that follow, I respectfully recommend that
no damages be awarded to plaintiff Williams because plaintiff has
not established a violation of the FDCPA. However, if the Court
agrees with plaintiff that the defendant violated the FDCPA, I
recommend that the Court award statutory damages and attorneys'

fees only for plaintiff's individual claims but not on a class wide basis.

<u>PERTINENT FACTS</u>

The undisputed facts pertinent to determination of this motion are set forth in the Complaint (ct. doc. 1) ("Compl."), the Affidavit in Support of Default Judgment by Adam Fishbein (not docketed), counsel for plaintiff, and the March 16, 2005 letter and attachment thereto for attorneys' fees filed by Mr. Fishbein (ct. doc. 9).  On September 28, 2004, counsel for plaintiff filed a letter memorandum in support of an entry of default judgment and an award of damages ("September 28, 2004 letter").  Ct. doc. 8.  The defendant did not file any submissions.

Plaintiff is a resident of the City of New York.  Compl. ¶ 11.  On or about January 16, 2003, plaintiff received a collection letter from the defendant with respect to a past due balance owed to Con Edison Solutions in the amount of $255.65. Compl. ¶ 10; <u>see</u> <u>also</u> collection letter attached to Compl. ("Collection Letter").

Defendant is a debt collection agency with its principal place of business in Belleville, New Jersey.  Compl. ¶¶ 4, 5.  It is organized in New Jersey, but is not registered with the New York Secretary of State to do business in New York.  Compl. ¶ 4. Plaintiff alleges that defendant has failed to maintain a license as required by the New York City Department of Consumer Affairs.

Compl. ¶¶ 12, 13. Plaintiff further alleges that the defendant failed to comply with the requirement that the Collection Letter contain defendant's license number and has thereby "impede[d] a consumer from filing a complaint against the defendant with the Department of Consumer Affairs." Compl. ¶¶ 14-16.

Pointing to certain language in the Collection Letter,[1] plaintiff claims that defendant's practice of sending a

---

[1] The Collection Letter stated:

Please call this office immediately at (973) 751-5500 regarding your past due balance as indicated. Our client has patiently awaited reimbursement from you and is now insisting upon immediate payment.

Should this letter be ignored, it will be assumed that you are deliberately avoiding your responsibility. If we do not hear from you, we will suggest to our client:
1. To submit your name and all other pertinent information to a national credit bureau with which we are affiliated, and
2. Investigate all options available to our client to recover this account in full.

We demand that you mail your payment in the envelope provided today in the amount indicated above to avoid any further collection activity from being taken against you.

We are debt collectors and this is an attempt to collect a debt. Any information obtained will be used for that purpose.

PROTECT YOUR CREDIT RATING NATIONWIDE
Return the above portion with your payment made payable to the creditor.
If you wish to pay by MONEYGRAM, AMERICAN EXPRESS, WESTERN UNION, or utilize our INTELL-A-CHECK pay-by-phone system, please call us at (973) 751-5500.
ALL PERSONS HAVE A RIGHT TO INSPECT THEIR CREDIT RECORDS.

Collection Letter.

collection letter into New York City, even though not licensed by
a city agency, constitutes a violation of sections 1692e(5) and
1692e(10) of the FDCPA.  Compl. ¶ 18.

Asserting a claim on "behalf of plaintiff and the members of
a class," Compl. ¶ 20, plaintiff alleges that "[t]he Class
consists of consumers who received the same form letter, as did
the Plaintiff[,]" and "all persons whom Defendant's records
reflect reside in the City of New York and who were sent a
collection letter (a) bearing the defendant's letterhead in
substantially the same form as the letter sent to the plaintiff
on or about January 16, 2003[;] (b) the collection letter was
sent to a consumer seeking payment of a personal debt; and (c)
the collection letter was not returned by the postal service as
undelivered, (d) and that the letter contained violations of 15
U.S.C. § 1692e(5) and e(10) by engaging in deceptive practices."
Compl. ¶ 22.  Because of defendant's failure to be licensed in
New York City and to set forth a license number on the Collection
Letter, plaintiff also seeks damages on behalf of the putative
class for violation of the FDCPA.  Compl. ¶¶ 27-28.

In his September 28, 2004 letter, Mr. Fishbein argues that
"[a]s the allegations are further deemed admitted, then the
defendant has admitted the satisfaction of the requirements of
Rule 23 of the Fed. R. Civ. P. that the matter is appropriate to
be certified as a class action suit."  He further writes:

> I suppose the Court can enter judgment for the maximum
> $1,000.00 for the named plaintiff, but plaintiff does
> not have any information concerning the net worth of

the company or the names and addresses of the class
members. Plaintiff submits that it would be
appropriate for the Court to order the defendant to
produce the names and addresses of the class members as
per the definition of the class to the complaint.... If
the company fails to do so, then plaintiff submits that
the Court could enter judgment for the maximum [] for
the class.

Sept. 28, 2004 letter at 1-2.

On March 16, 2005, counsel for the plaintiff filed his

billing records and seeks fees and costs in the amount of $975.00

(the "March 16, 2005 letter"). See ct. doc. 9.


DISCUSSION

Legal Standards Governing Default

A default constitutes an admission of all well-pleaded

factual allegations in the complaint, except for those relating

to damages. See Greyhound Exhibitgroup Inc., v. E.L.U.L. Reality

Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S.

1080 (1993); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65

(2d Cir. 1981). Only "in very narrow, exceptional circumstances"

may a court find an allegation not "well pleaded." TWA v.

Hughes, 449 F.2d 51 (2d Cir. 1971), rev'd on other grounds, 409

U.S. 363 (1973); Niles v. Palmer, No. 97 CIV. 7573, 1999 WL

1419042, at *5 (S.D.N.Y. Oct. 22, 1999).

A defaulting party ordinarily cannot contest the merits of

the plaintiff's claim absent "indisputable" contradictory

evidence. Au Bon Pain, 653 F.2d at 65; TWA, 449 F.2d at 63-64.

A default also effectively constitutes an admission that damages

were proximately caused by the defaulting party's conduct-- that

-5-

is, the acts pleaded in a complaint violated the laws upon which
a claim is based and caused injuries as alleged.  See Greyhound,
973 F.2d at 159; TWA, 449 F.2d at 69-70.  The movant need prove
"only that the compensation sought relate[s] to the damages that
naturally flow from the injuries pleaded."  Greyhound, 973 F.2d
at 159.   As long as there is a "sufficient basis from which to
evaluate the fairness" of the sum awarded, a court may rely upon
detailed affidavits and documentary evidence in determining
damages.  Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40
(2d Cir. 1989).  The moving party is entitled to all reasonable
inferences from the evidence it offers.  See Au Bon Pain, 653
F.2d at 65; Directv, Inc. v. Hamilton, 215 F.R.D. 460, 462
(S.D.N.Y. 2003).

Liability of Defendant

     This Court first examines whether there is a basis for
finding defendant liable under the FDCPA.  See Au Bon Pain, 653
F.2d at 65 (noting that the Court "need not agree that the
alleged facts constitute a valid cause of action").  The gist of
plaintiff's claim is that defendant, a debt collection agency
incorporated in New Jersey, violated the FDCPA because it did not
comply with requirements established by the New York City
Department of Consumer Affairs ("NYCDCA") when it sent a
collection letter to plaintiff on or about January 16, 2003.  See
Compl. ¶ 23(B) ("The principal question presented by this claim
is whether the Defendant violated the FDCPA using collection

letters that fail to set forth a required license").

The FDCPA was designed "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692e; see also Alibrandi v. Fin. Outsourcing Serv., Inc., 333 F.3d 82, 85 (2d Cir. 2003). The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2001) (citation omitted); see also 15 U.S.C. § 1692g (listing required contents of debt collection notice).  However, Congress also intended the FDCPA to encourage states, and presumably local governments, to enact stronger laws to address the problem of abusive debt collection methods.  See Silver v. Woolf, 694 F.2d 8, 13 (2d Cir. 1982).

In determining whether a violation of the FDCPA has occurred, courts must employ an objective standard based on how the least sophisticated consumer would interpret the notice received from the debt collector.  Kropelnicki, 290 F.3d at 127. The purpose of the standard is: "(1) [to] ensure the protection of all consumers, even the naive and trusting, against deceptive debt collection practices, and (2) [to] protect debt collectors

against liability for bizarre or idiosyncratic interpretations of collection notices." Id. (citation omitted). Nonetheless, "the least sophisticated consumer standard incorporates a 'concept of reasonableness' that is presumed to guide even the most naive debtor." Richardson v. Allianceone Receivables Mgmt., Inc., No. 03 CIV. 5519 (DLL), 2004 WL 867732, at *2 (S.D.N.Y. Apr. 23, 2004) (citing McStay v. I.C. System, Inc., 308 F.3d 184, 190-91 (2d Cir. 2002)).

Plaintiff Williams contends that the defendant violated sections 1692e(5) and 1692e(10) of the FDCPA "for engaging in a deceptive practice by sending a collection letter into New York City when it was legally not able to do so and by making deceptive representations and false threats." Compl. ¶ 18. These sections of the FDCPA provide, in pertinent part, that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, [including]...
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken....
>
> (10) The use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer....

Plaintiff fails to cite the specific local laws that she claims were violated, but this Court assumes that plaintiff is referring to the licensing requirements set forth in Section 20-490 of the New York City Administrative Code ("N.Y.C. Admin. Code"). This provision states:

> It shall be unlawful for any person to act as a debt

> collection agency without first having obtained a
> license in accordance with the provisions of this
> subchapter, and without first being in compliance with
> all other applicable law, rules and regulations.

N.Y.C. Admin. Code § 20-490.  Further, Section 20-494 provides

that:

> a.  Any person who, after notice and hearing shall be
> found guilty of violating any provision of this
> subchapter, shall be punished in accordance with the
> provisions of chapter one of this title and shall be
> subject to a penalty of not less than seven hundred
> dollars nor more than one thousand dollars for each
> violation....

N.Y.C. Admin. Code § 20-494.[2]

The allegations in the complaint suffice to establish that

the defendant is not licensed in New York City and therefore

violated the N.Y.C. Admin. Code when it sent the letter to

plaintiff.  In addition, defendant qualifies as a "debt

collector" subject to the provisions of the FDCPA.  15 U.S.C.

§ 1692a(6) ("'debt collector' means any person who uses any

instrumentality of interstate commerce or the mails in any

business the principal purpose of which is the collection of any

debts...").

Courts are divided on the question whether violations of

state licensing regulations subject a debt collector to liability

under the FDCPA.  Some courts have found that when a debt

collector sends a collection letter into a state into which it is

_____

[2]  The Rules and Regulations of the City of New York
("RRCNY") also set forth general requirements which apply to all
licensees and not exclusively to debt collection agencies.  <u>See</u>
<u>generally</u> 6 RRCNY § 1-01 <u>et</u> <u>seq.</u>; 6 RRCNY § 1-05 (License Number
in Advertisements and Other Printed Matter).

not licensed, the act of sending a letter constitutes a threat to take action that the agency has no legal authority to take, in violation of section 1692e(5).  See Gaetano v. Payeo of Wisconsin, Inc., 774 F. Supp. 1404, 1414-15 (D. Conn. 1990) (unlicensed debt collection agency which stated that it would use "all means to enforce collection" violated § 1692e(5) of the FDCPA by threatening to take action that legally could not be taken); see also Sibley v. Firstcollect, Inc., 913 F. Supp. 469, 471 (M.D. La. 1995); Russey v. Rankin, 911 F. Supp. 1449, 1459 (D.N.M. 1995); Kuhn v. Account Control Tech., Inc., 865 F. Supp. 1443, 1451-52 (D. Nev. 1994).  Some of these courts have further held that an unlicensed debt collector's attempt to collect a debt amounts to a deceptive practice in violation of section 1692e(10).  See Gaetano, 774 F. Supp. 1414-15 ("the Court finds deceptive the defendant's attempt to collect a debt when prohibited from doing so by Connecticut law"); see also Russey, 911 F. Supp. at 1459; Kuhn, 865 F. Supp. at 1451-52.

However, I recommend that the Court follow the approach of other courts, which have rejected the premise that "debt collection practices in violation of state law are per se violations of the FDCPA."  See Wade v. Regional Credit Assoc., 87 F.3d 1098, 1100 (9th Cir. 1996).  As explained by the Honorable Jose Cabranes, then district judge, such a categorical approach "reflects a false, narrow, and overly mechanical reading of the FDCPA."  Lindbergh v. Transworld Sys., Inc., 846 F. Supp. 175,

181 (D. Conn. 1994).[3]  Rather, courts "must determine not whether
[defendant] violated the state statute, but whether it violated
the federal Act." <u>Wade</u>, 87 F.3d at 1100 (citing <u>Lindbergh</u>, 846
F. Supp. at 180 n.28).  Thus, in this case, this Court should
examine the language of the communication and actions of the debt
collector at issue to determine whether any provision of the
FDCPA has been violated.  <u>See</u> <u>Goins v. JBC & Assoc., P.C.</u>, 352 F.
Supp. 2d 262, 271 (D. Conn. 2005) (analyzing whether contents of
a debt collection notice constituted a violation of the FDCPA
rather than following categorical rule that lack of state license
is a violation); <u>Richardson</u>, 2004 WL 867732, at *2 ("The
violation of a technical City ordinance not specific to debt
collection activities resulting in no identifiable harm to
Richardson is insufficient to state a claim under the FDCPA");
<u>Ferguson v. Credit Management Control, Inc.</u>, 140 F. Supp. 2d
1293, 1302 (M.D. Fla. 2001).

<i>Section 1692e(5)</i>

     Plaintiff argues that the defendant's use of certain

_____

     [3]  The plaintiff in <u>Lindbergh</u> argued the defendant, who had
a local office licensed in Connecticut, violated the FDCPA
because it mailed a letter from its California place of business,
which had not obtained a Connecticut license.  846 F. Supp. at
181.  Judge Cabranes found that "the mere fact that the letters
were mailed to the plaintiff from the defendant's California
address-- standing alone -- does not suffice to raise an issue of
material fact as to whether the defendant violated the FDCPA."
<u>Id.</u> at 181.  Judge Cabranes further found that, even assuming
that the defendant had violated the Connecticut statute by
sending a letter through an unlicensed office, the plaintiff did
not "set forth a viable claim under the FDCPA."  <u>Lindbergh</u>, 846
F. Supp. at 181.

language in the collection letter "suggesting credit reporting and investigating all options to recover the debt[]" amounts to "false threats and deception" in violation of section 1692e(5). See Sept. 28, 2004 letter at 1. In determining whether there is a violation of section 1692e(5), courts must first examine the language of the communication to determine whether the language "threatened" an action or the language is "threatening," then determine whether the debt collector could "'legally' take the 'threatened' action." Ferguson, 140 F. Supp.2d at 1299 (citing cases). "Threatening" communications include, inter alia, threats to sue, threats to garnish wages and/or seize assets, threats to contact the debtor's neighbors and/or employer, or threats to subject the debtor to additional costs for collecting the debt. Id. at 1299-30.

In this case, as in Wade and Ferguson, defendant sent a letter stating that defendant was a debt collector attempting to collect a debt.[4] See Wade, 87 F.3d at 1100; Ferguson, 140 F. Supp. 2d at 1303. Similarly, the defendant's Collection Letter did not set a deadline for payment nor contain any language threatening legal action. Rather, the letter simply stated that if plaintiff failed to respond, defendant would submit plaintiff's name to a credit bureau and "[i]nvestigate all

---

[4] Had defendant not stated it was a debt collector, it would have violated 15 U.S.C. § 1692e(11), which requires a debt collector to make such a disclosure in an initial communication. Ferguson, 140 F. Supp. 2d at 1201.

options available to our client to recover this account in full."
The Collection Letter also made the "demand that you mail your
payment in the envelope provided today in the amount indicated
above to avoid any further collection activity from being taken
against you."

Rather than being threatening, the Collection Letter is
similar to the "innocuous" collection efforts utilized by the
debt collector in <u>Wade</u>, 87 F.3d at 1100.[5]  The letter informed
the plaintiff that she owed a debt to Con Edison Solutions and
that she should contact the defendant to make payment.  The
letter did not state that the debt should be paid within a
specific time period nor set any deadline for the plaintiff's
response.  Nothing in the body of the letter made any references,
either directly or implicitly, to a lawsuit or legal action.  The
letter merely informed the plaintiff of what the defendant would
suggest to Con Edison Solutions if the plaintiff did not respond
to the letter.  The only language that appeared to be threatening

---

[5]In <u>Wade</u>, the Ninth Circuit found the defendant's statements
merely informational rather than threats to sue:

> If not paid TODAY, it may STOP YOU FROM OBTAINING
> credit TOMORROW.  PROTECT YOUR CREDIT REPUTATION.  SEND
> PAYMENT TODAY.
>
> ...
> DO NOT DISREGARD THIS NOTICE.  YOUR CREDIT MAY BE
> ADVERSELY AFFECTED....

87 F.3d at 1100.

was that required by § 1692g.[6]

Thus, here, as in <u>Wade</u>, "[t]he least sophisticated debtor would construe the [Collection Letter] as a prudential reminder, not as a threat to take action."  87 F.3d at 1100.  Similarly, other courts examining statements indicating that the failure to pay could result in litigation have found no violation of section 1692e(5).  <u>See</u> <u>Tipping-Lipshie v. Riddle</u>, NO. CV 99-4646 (LDW), 2000 WL 33963916, at *5 (E.D.N.Y. Mar. 2, 2000) ("statement that litigation may be commenced prior to the expiration of the thirty day validation period is not a threat of action prohibited by the FDCPA"); <u>Mizrahi v. Network Recovery Services, Inc.</u>, No. 98-CV-4528 (ERK), 1999 WL 33127737, at *6 (E.D.N.Y. Nov. 5, 1999) (threat that "[l]egal action may follow if you fail to respond" not a violation of section 1692e(5)); <u>Madonna v. Academy Collection Service, Inc.</u>, No. 3:95CV00875 (AVC), 1997 WL 530101, at *7 (D. Conn. Aug. 12, 1997) (statement that legal action may be pursued not violation of the FDCPA since it is a statement of an option "clearly available to the creditor"); <u>Robinson v. Transworld Systems</u>, 876 F. Supp. 385, 392 (N.D.N.Y. 1995) (no actionable threat found in letters stating possibility of "PROTRACTED AND UNPLEASANT COLLECTION EFFORT" or threatening recommendation to transfer file to the Credit Management Services

_____

[6] Section 1692g(a)(3) requires the debt collector to include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  15 U.S.C. § 1692g(a)(3).

Office nearest debtor); <u>Riveria v. MAB Collections, Inc.</u>, 682 F.
Supp. 174, 178 (W.D.N.Y. 1988) (no threat in collection letter
which stated: "IT IS UNFORTUNATE THAT YOU DO NOT SEEM TO CARE,
AND YOU LEAVE US NO CHOICE BUT TO ADVISE YOUR CREDITOR THAT YOU
HAVE IGNORED OUR EFFORTS, AND THAT LEGAL ACTION MAY BE NECESSARY
IN ORDER TO COLLECT THIS BIL (sic )"); <u>cf.</u> <u>Goins</u>, 352 F. Supp. 2d
at 272 (the debt collection notice by unlicensed out-of-state law
firm contained an "unequivocal threat" in stating, "[y]ou may
wish to settle this matter before *we* seek appropriate relief
before a court of proper jurisdiction by a qualified attorney"
and in referring to statutory penalties, attorneys, court,
settlement, and restitution).  In fact, the Court in <u>Gaetano</u>,
examined far stronger language and nonetheless found that an
unlicensed debt collector did not threaten litigation in
violation of section 1692e(5).  774 F. Supp. at 1415 (noting that
statements that "WE INTEND TO USE, ALL APPROVED MEANS AT OUR
COMMAND TO COLLECT DEBTS ... ANY INFORMATION WE OBTAIN WILL BE
USED AS A BASIS TO ENFORCE COLLECTION OF THE DEBT" and the
"ACCOUNT HAS BEEN GIVEN TO US FOR IMMEDIATE ACTION" did not
constitute a "direct or implicit" threat of suit or legal
action).

Pointing to the debt owed of $255.65, plaintiff also argues
"how much investigating is the defendant prepared to engage" for
such a debt?"  <u>See</u> Sept. 28, 2004 letter at 1.  Insofar as
plaintiff is claiming that the statement is a threat of action
that defendant did not intend to take -- i.e., a violation of

section 1692e(5), the language does not support his position.
The Collection Letter merely states that defendant "will suggest"
to the client "to investigate all options."  There is no
statement that the client would, in fact, choose to investigate
further options or take any further measures to collect the debt.
In any event, as observed by the Court in <u>Spira v. Ashwood Fin.,</u>
<u>Inc.</u>, 358 F. Supp. 2d 150, 160 (E.D.N.Y. 2005):

> Defendant has many options available to it in
> attempting to collect a debt from a debtor, all valid
> pursuant to the terms of the FDCPA.  Defendant can send
> further written correspondence to the debtor requesting
> payment, can place telephone calls to the debtor
> requesting payment, can forward claims to attorneys for
> either litigation or demand letters to be sent from the
> attorney's office in what is known as a 'letter series'
> (requests for payment letters sent out of the
> attorney's office)....  Defendant's statement therefore
> cannot be considered a threat that it did not intend to
> carry out.  <u>See</u> generally <u>Goldberg v. Transworld</u>
> <u>Systems, Inc.</u>, 164 F.3d 617, 1998 WL 650793, at *1 (2d
> Cir. Sept. 9, 1998) (unpublished opinion) ("The
> commencement of a lawsuit regarding a $16 debt, while
> unlikely, is not--as this demonstrates--unheard of").

Accordingly, I find that the Collection Letter did not
contain any threat of action that defendant could not or did not
intend to take, in violation of section 1692e(5) of the FDCPA.
<u>Wade</u>, 87 F.3d at 1100; <u>Ferguson</u>, 140 F. Supp. 2d at 1302.

*Section 1692e(10)*

Plaintiff argues that defendant's act of sending a letter
without a license amounts to a deceptive practice in violation of
section 1692e(10) of the FDCPA.  <u>See</u> Sept. 28, 2004 letter at 1.
However, there was nothing deceptive about defendant's letter
since defendant made no representation that it would or had the

power to bring a collection action in New York City.  The notice correctly informed the plaintiff that she had an unpaid debt and properly informed her that her failure to pay might adversely affect her credit reputation.  There was no false representation that Goldman & Steinberg was licensed in New York or had the power to collect in New York City.  In sum, there was nothing in the letter designed to mislead or deceive even the least sophisticated consumer.  See Wade, 87 F.3d at 1100 (noting "[t]here was no false representation that RCA had the power to collect in Idaho" in violation of 1692e(10)); Ferguson, 140 F. Supp. 2d at 1303 ("[n]oticeably absent was any language threatening to bring legal action if the debt was not paid" or any representation that the defendant was a licensed debt collector in Florida or any threat to take legal action if plaintiff did not respond to the notice); Lindbergh, 846 F. Supp. at 181 (even if defendant had violated the Connecticut statute by attempting to collect while unlicensed, the plaintiff had no claim under the FDCPA and "[a]ny remedy he may have therefore lies with the state Banking Commissioner, not with this Court").

Insofar as plaintiff is claiming that the Collection Letter is deceptive because there is little likelihood that defendant would be prepared to engage in investigations for a debt of $255.65, see Sept. 28, 2004 letter at 1, the Collection Letter merely states that defendant would suggest investigation of available options.  As discussed above, see supra at 16, not only are options short of litigation possible, creditors have in fact,

-17-

commenced action for small amounts.  See Goldberg, 1998 WL 650793 ($16 debt).

Last, even though defendant did not publish a license number on its letter as required by the RRCNY,[7] the letter contained defendant's name, a mailing address and phone number -- information sufficient to enable plaintiff to file a complaint with the New York City Department of Consumer Affairs. Richardson, 2004 WL 867732, at *3.  In any event, any "violation of a technical City ordinance not specific to debt collection activities resulting in no identifiable harm to [plaintiff] is insufficient to state a claim under the FDCPA."  Id.

In short, since plaintiff Williams has failed to establish violations of sections 1692e(5) and (10), I recommend that no damages be awarded.

Damages

However, if this Court agrees with the courts that a violation of state licensing requirements amounts to a violation of the FDCPA, then actual damages or statutory damages of up to $1,000 may be awarded pursuant to 15 U.S.C. § 1692k.[8]  I

---

[7] Although 6 RRCNY § 1-05 requires only "licensees" to provide their license number on their letterhead and defendant is not licensed, I assume that the provision applies to defendant since, as argued by plaintiff, the regulation requires information which enables a consumer to identify a business.

[8] Section 1692k provides, in pertinent part, as follows:

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this
(continued...)

recommend that the individual plaintiff be awarded statutory damages of $1,000 for the violation, as requested by plaintiff.

Plaintiff Williams also seeks damages on behalf of the plaintiff class. She contends that "[a]s the allegations are further deemed admitted, then the defendant has admitted the satisfaction of the requirements of Rule 23 of the Fed. R. Civ. P. that the matter is appropriate to be certified as a class action suit." <u>See</u> Sept. 28, 2004 letter at 1.

However, the fact that defendant Goldman & Steinberg can no longer controvert the plaintiff's allegations concerning defendant's conduct is not dispositive of the plaintiff's right to relief on behalf of the class. Instead, "'[e]ven after [a] default, ... it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" <u>Leider v. Ralfe</u>, No. 01 Civ. 3137 (HB)(FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) (quoting <u>In re Indus. Diamonds Antitrust Litig.</u>, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal</u>

---

[8](...continued)
subchapter with respect to any person is liable to such person in an amount equal to the sum of --
    (1) any actual damage sustained by such person as a result of such failure;
    (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not to exceed $1,000; ...
    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court ...

<u>Practice and Procedure</u> § 2688, at 62 (3d ed. 1988))).

Where, as here, class relief is sought after default, "a more fundamental problem" arises because no class was certified, as required by Rule 23(c)(1). <u>Davis v. Hutchins</u>, 321 F.3d 641, 648 (7th Cir. 2003). As the Seventh Circuit explained in <u>Davis</u>:

> There is a general principle that factual allegations in the complaint are deemed admitted by the defendant upon default; however, application of that general principle does not solve the class-certification issue. Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions. No such judicial determination was made here.

<u>Id.</u> at 648-49. The Court further recognized that, as "[t]he Supreme Court has made clear[,] ... a class 'may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied,' and 'actual, <u>not</u> <u>presumed</u>, conformance with Rule 23(a) remains ... indispensable.'" <u>Id.</u> at 649 (quoting <u>Gen. Tele. Co. of the S.W. v. Falcon</u>, 457 U.S. 147, 160-61 (1982) (emphasis added)). Thus, "[a]llowing certification by default or because the defendant has admitted that the class exists, with no independent analysis or determination by the district judge, would remove this important protection." 321 F.3d at 649.

Following the analysis in <u>Hutchins</u>, this Court must make an independent determination whether the requirements of Rule 23(a) are satisfied before making any award of class damages. To qualify for certification, a putative class must meet the four requirements set forth in Rule 23(a): (1) the class is so

numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a); In re Visa Check/MasterMoney, 280 F.3d 124, 132 (2d Cir. 2001).  Additionally, a class may not be certified unless the action qualifies under at least one of the categories provided in Rule 23(b).  The plaintiff bears the burden of establishing each requirement under Rule 23 for class certification.  In re Visa Check/MasterMoney, 280 F.3d at 135. "The court must conduct a rigorous inquiry before granting class certification in order to ensure that the requirements of Rule 23 are met."  In re Indus. Diamonds Antitrust Litig., 167 F.R.D. 374, 378 (S.D.N.Y. 1996) (citing Falcon, 457 U.S. at 161).

Plaintiff contends that class certification should be granted simply because the defendant defaulted and relies on the allegations of the Complaint which merely restate the language of Rule 23(a).  For example, with respect to the numerosity requirement, the complaint states: "Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable."  Compl. ¶ 23(A).  Absent any further information, plaintiff has failed to provide a basis to find numerosity.  Nor has she satisfied the other three requirements of Rule 23(a) by simply parroting the language of

that rule.

Thus, I recommend that this Court not award plaintiff class damages because plaintiff cannot satisfy the preliminary requirement that there is a class that can be certified. However, since the defendant's default has deprived plaintiff of an opportunity to conduct discovery, I recommend that, should the Court find defendant liable for violation of the FDCPA, plaintiff be granted an opportunity to conduct discovery for 120 days on the questions of the class and damages should she file an application to do so within 15 days after the Court's decision on this report. Any discovery should be conducted pursuant to the requirements of Rule 45 rather than Rule 26. See Blazek v. Capital Recovery Assocs., Inc., 222 F.R.D. 360 (E.D. Wis. 2004) (requiring the plaintiff suing under the FDCPA as a putative class action to utilize Rule 45 to conduct post-default class discovery against the defendant).

Attorneys' Fees and Costs

Finally, plaintiff seeks attorneys' fees and costs in the amount of $975.00. See March 16, 2005 letter (ct. doc. 9). A consumer who brings a successful FDCPA lawsuit can recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Where a plaintiff prevails, whether or not he is entitled to an award of actual or statutory damages, he should be awarded costs and reasonable attorney's fees in amounts to be fixed in the

discretion of the court.  <u>Savino v. Computer Credit, Inc.</u>, 164
F.3d 81, 87 (2d Cir. 1998) (citing <u>Pipiles v. Credit Bureau of</u>
<u>Lockport, Inc.</u>, 886 F.2d 22, 28 (2d Cir. 1989); <u>Emanuel v.</u>
<u>American Credit Exch.</u>, 870 F.2d 805, 809 (2d Cir. 1989)).

Given that this Court finds that plaintiff has no viable
claim on the complaint, I recommend that plaintiff's request for
fees be denied.  Should the district court find a viable claim, I
recommend that the requested amount of fees be granted since both
the time spent and rates sought are reasonable.

However, should the plaintiff seek to conduct class
discovery, then determination of the fee award should be deferred
until after the district court's determination of the propriety
of awarding default damages for the putative class.

CONCLUSION

For the foregoing reasons, I respectfully recommend that the
Court not award damages and fees to the individual plaintiff and
the putative class because plaintiff has failed to state a cause
of action.  If the Court finds that plaintiff has stated a
violation of the FDCPA, then I respectfully recommend that
plaintiff be awarded damages of $1,000 and attorneys' fees of
$975.00 on her individual claim and that she be given an
opportunity, upon prompt request, to conduct class discovery
pursuant to Fed. R. Civ. P. 45 and to file further submissions on
the questions of the propriety of class certification and amount
of class damages, should she seek to do so.  In such event, I

recommend that determination on the award of attorneys' fees be deferred until after the district court's determination of the entry of default judgment for the class.

Copies of this report and recommendation have been electronically filed and mailed to the defendant listed herein on this date. Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the Chambers of the Honorable David G. Trager, with a copy to the undersigned, by June 1, 2006. Failure to file objections within the specified time waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

        SO ORDERED.

Dated:    Brooklyn, New York
          May 12, 2006


                                   ___/s/_____
                                   MARILYN D. GO
                                   UNITED STATES MAGISTRATE JUDGE