UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------X

SHAVANGELA WILLIAMS

       Plaintiff,                  <u>MEMORANDUM AND ORDER</u>

  -against-                   Civil Action No.
                                   CV-03-2132 (DGT)

GOLDMAN & STEINBERG, INC.

       Defendant.

--------------------------------X

Trager, J:

     On May 12, 2006, Magistrate Judge Marilyn D. Go entered a
Report and Recommendation in this case.  Plaintiff Shavangela
Williams had alleged violations of the Fair Debt Collection
Practices Act ("FDCPA").  15 U.S.C. § 1692 (5), (10).  The
defendant failed to appear or otherwise defend the case, and the
Clerk of Court noted entry of default on August 16, 2004.  In the
Report and Recommendation, Magistrate Judge Go recommended that
no damages be awarded to plaintiff because she failed to
establish a violation of the FDCPA.

     I conclude that there was a violation of the FDCPA because
the defendant did not have a license when it sent the Collection
Letter to a New York City resident, as required by regulations of
the City of New York.  New York, NY., Admin Code tit. 20, ch. 2,
§ 20-490; <u>see</u> <u>Gaetano v. Payeo of Wisconsin, Inc.</u>, 774 F. Supp.
1404, 1414-15 (D. Conn. 1990).  The case, <u>Lindberg v. Transworld
Systems Inc.</u>, relied upon by the Magistrate Judge, is

distinguishable because in <u>Lindberg</u>, the collection agency was licensed in the plaintiff's state, just not at the address from which the letter was sent.  846 F. Supp. 175, 181 (D. Conn. 1994).  Here, the unopposed allegations were not of such a technical nature: the defendant was not licensed at all in New York City, as required by local ordinance.  Therefore, a violation has been established.

The alternate recommendation is adopted.  The plaintiff is awarded $1,000 in statutory damages and attorneys' fees for individual claims in the amount of $995.00, and is allowed the opportunity for discovery for class claims.  As stated in the Report and Recommendation, plaintiff is instructed to file an application to conduct discovery within 15 days.  If she chooses to do so, she shall have 120 days for discovery conducted under Rule 45.  Otherwise, she shall be granted the individual statutory damages, costs and attorneys' fees listed here.


Dated:  Brooklyn, New York
        July 21, 2006


                              SO ORDERED:


                              ____/s/_____
                              David G. Trager
                              United States District Judge